# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| LAURA WILCOPOLSKI, individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> v. <br><br> FIRST ADVANTAGE FORM I-9 COMPLIANCE, LLC, <br><br> *Defendant*. | Civil Action No. 1:24-cv-03235-LMM |

**DECLARATION OF SETTLEMENT CLASS COUNSEL IN SUPPORT OF
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**

1. We have been appointed by the Court as Settlement Class Counsel in the Preliminary Approval Order. Doc 26. This declaration supports Plaintiff's Motion for Attorneys' Fees and Expenses. The contents of this Declaration are based upon our own personal knowledge, our experience in handling many class action cases, and the events of this litigation. Settlement Class Counsel frequently represent individuals impacted in data breach class action cases and are very familiar with the settlement terms of many recent data breach class actions. For example, members of Class Counsel have participated as class counsel for several finally approved data breach class actions such as *In re Overby-Seawell Company Customer Dat Security Breach Litigation*, No. 1:23-md-03056-SDG (N.D. Ga) (class counsel for an $6,000,000.00 data breach class action settlement) and *Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-1495 (N.D. Ga) (class liaison counsel for an $8,733,446.36 data breach class action settlement); *Mathis v. Planet Home Lending, LLC*, No. 3:24-cv-127 (D. Conn.).

2. Settlement Class Counsel previously submitted a declaration in support of Plaintiff's Unopposed Amended Motion for Preliminary Approval of Class Action Settlement and Preliminary Certification of Settlement Class. Doc. 25-3. ("Joint Decl."). That declaration explained the qualifications of Settlement Class Counsel, their work on behalf of the Settlement Class in this case, the history of settlement negotiations, the bases for settlement, the relief that the Settlement will afford the

members of the Settlement Class, and how notice will be given to members of the Settlement Class.

3. The Settlement came about as the result of protracted arm's-length negotiations that followed multiple conversations with experienced defense counsel, and exchanging of informal discovery which included non-public documents and information regarding the Cybersecurity Incident, remedial measures taken by Form I-9, the size of the class, harm, misuse and other data breach settlement, and information supporting Plaintiff's damages allegations, allowing both Settlement Class Counsel and Form I-9's counsel the ability to evaluate damages on a class-wide basis.

4. Through our experience with handling similar data breach class action cases, the Settlement in this case of $650,000.00 for roughly one hundred and ninety-three thousand and four hundred and three (193,403) class members is a strong recovery for the Settlement Class especially considering that any remainder funds in the Settlement Fund will be used to pro rata increase pro rata cash payment made available under the Settlement.

5. The history of negotiations and settlement demands and the protracted nature of discussions is detailed in the prior Joint Declaration of Counsel. Doc. 25-3. After the exchange of information that informed the Parties, they engaged in several back-and-forth negotiations over the course of several weeks. Based on that

information, we submit that the Settlement Agreement provides every Settlement Class Member who submits a Valid Claim with a monetary award that is fair, reasonable and adequate, especially considering the risks at class certification and trial. The enhanced data security practices and extensive Identity Monitoring also provide substantial non-monetary benefits to all Class Members, regardless of whether they submit a claim for a Cash Payment under the Settlement Agreement.

6. Settlement Class Counsel achieved this settlement as the result of extensive and often intense arm's length negotiations. The detailed settlement negotiations strongly indicate that Settlement was reached without collusion.

7. On December 9, 2024 the Parties formally executed the Settlement Agreement and Release. Doc. 25-2. ("Settlement Agreement" or "S.A.").

8. On January 13, 2025, the Court granted Preliminary Approval of the Parties' Settlement Agreement and proposed notice plan. Doc 26. Therein, the Court approved the Parties' Settlement Agreement thereby (a) adopting the Parties' settlement proposal; (b) defining and certifying the Settlement Class for settlement purposes, (c) appointing Settlement Class Counsel and Settlement Class Representative, and (d) approving the Parties' proposed notice program set forth in the Settlement Agreement.

9. We have overseen the settlement administration process to date in this case and receive weekly update reports from Angeion, the Settlement Administrator. As of March 31, 2025, there have been no opt out requests and no objections.

10. Under the Settlement Agreement, Class Counsel may seek an award of Attorneys' Fees and Expenses of up to one-third of the Settlement Fund which is $216,666.66, plus reimbursement of reasonable costs. S.A. ¶ 95.

11. Settlement Class Counsel have spent significant time and expenses pursuing this matter on behalf of the Settlement Class. From the initiation of the filed action in this Court in July 2024 to roughly the present, Settlement Class Counsel have spent more than 107.4 hours directly related to this litigation. As of the date of this Declaration, Settlement Class Counsel have incurred expenses of $1,432.85 inclusive of filing fees, service fee, and legal research fees.

12. Settlement Class Counsel reviewed their billing and expense records before drafting this Declaration and attest that all time comprising the 107.4 hours were actually incurred, relate to this litigation, and were necessary for the quality of result achieved. These records are held in the ordinary course of business and audited to ensure they relate to this matter and are not duplicative.

13. Settlement Class Counsel have also endeavored to limit expenses wherever possible.

14. Settlement Class Counsel will continue to expend substantial additional time and other minimal expenses continuing to protect the Settlement Class's interest through the Final Approval Hearing and throughout settlement administration.

15. Settlement Class Counsel have undertaken this case on a contingency fee basis and have not received any payment for their work in this case to date and have not been reimbursed for any of their litigation expenses. Furthermore, due to accepting representation of Plaintiff Wilcopolski in this matter and pursuing the case on behalf of the Settlement Class, Settlement Class Counsel were precluded from working on certain other class action cases including certain other data breach class action cases.

16. The Eleventh Circuit's controlling authority is *Camden I*, which holds attorneys' fees in common fund cases must be calculated using the percentage rather than the lodestar approach. *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d at 774-75. In *Camden I*, although the court noted that awards typically range from 20% to 30%, it stated: "There is no hard and fast rule . . . because the amount of any fee must be determined upon the facts of each case." *Id*. at 774; *see also, e.g., Waters v. Int'l. Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999). Moreover, a lodestar cross-check is not required in this Circuit. *In re Equifax Customer Data Sec. Breach Litig.,* 999 F.3d 1247, 1280 (11th Cir. 2021).

17. Following *Camden I*, percentage-based fee awards in the Eleventh Circuit

have averaged around 33% of the common fund. *See, e.g.*, *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide -roughly one-third"); *Abrams v. Savannah College of Art & Design, Inc.*, No. 1:22-cv-4297 (N.D. Ga. Sept. 22, 2023) (Doc. 29) (approving fee request of 1/3 of the common fund plus xpenses); *Alghadeer Bakery & Marker, Inc. v. Worldpay US, Inc.*, No. 1:18-cv-02688-MLB, 2020 WL 10935986, at *4 (N.D. Ga. June 3, 2020) ("The fee represents one-third of the $15 million cash settlement fund, which the Court finds to be reasonable and consistent with awards in similar cases in this Circuit."); *Waters v. Int'l Precious Metals, Corp.*, 190 F.3d 1291, 1292-98 (11th Cir. 1999) (affirming attorneys' fees of 1/3 of the $40 million common fund); *Morefield v. NoteWorld, LLC*, Nos. 1:10-CV-00117; 1:11-CV-0029, 2012 WL 135573, at *5 (S.D. Ga. Apr. 18, 2012) (1/3 of $1,040,000 common fund); *Lunsford v. Woodforest Nat'l Bank*, No. 1:12-cv-103, 2014 WL 12740375, at *15 (N.D. Ga. May 19, 2014) (fee award of 1/3 of the common fund); *Cabot E. Broward 2 LLC v. Cabot*, No. 16-61217-CIV, 2018 WL 5905415, at *7-8 (S.D. Fla. Nov. 9, 2018) (awarding fee of $33,333,333 of the $100 million common fund); *Morgan v. Pub. Storage*, 301 F. Supp. 3d 1237, 1257 (S.D. Fla. 2016) (noting that "a fee award of 33% … is consistent with attorneys' fees in federal class actions in this Circuit."). Class

Counsel and Plaintiffs' Counsel have invested considerable time and resources into the prosecution of this action.

18. Settlement Class Counsel hold the informed opinion that the request for the award of attorneys' fees of one-third ($216,666.66) of the non-reversionary $650,000.00 Settlement Fund and $1,432.85 in expenses are reasonable and justified in this case. Settlement Class Counsel also believe, based on their expertise and experience in the case, that the Settlement is in the best interest of the Settlement Class.

We declare signed under penalty of perjury of the United States of America that the foregoing is true and correct.

Executed on March 31, 2025.

| | |
|---|---|
| */s/ MaryBeth V. Gibson* | */s/ Mariya Weekes* |
| MaryBeth V. Gibson | Mariya Weekes |
| **GIBSON CONSUMER LAW GROUP, LLC** | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC** |
| *Settlement Class Counsel* | |

## CERTIFICATE OF SERVICE AND
## LOCAL RULE 7.1(D) CERTIFICATION

I hereby certify that on March 31, 2025, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will send notification of such filing and effectuate service to all counsel of record in this matter, pursuant to Local Rule 5.1.

I further certify that this Motion has been prepared with one of the fonts and point selections approved by the Court in Local Rule 5.1(C).

*/s/ MaryBeth V. Gibson*
MaryBeth V. Gibson
**GIBSON CONSUMER LAW GROUP, LLC**

*Settlement Class Counsel*